# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

JERRY VANDIVER,

    Plaintiff,

v.                                        Case No. 18-12299

RENNIA FUNCHES, et. al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff is an inmate currently confined at the Cotton Correctional Facility in Jackson, Michigan. On September 6, 2018 the court partially dismissed his complaint and directed Plaintiff to provide five additional copies of his complaint for service upon Defendants. (Dkt. #10.) Plaintiff was given until October 4, 2018 to comply with the order. (*Id.*) On October 26, 2018 Plaintiff was given a thirty-day extension of time to submit the service copies. (Dkt. #15.)

On November 16, 2018 Plaintiff filed a Motion for a Temporary Restraining Order, claiming that prison authorities refuse to make service copies for him. (Dkt. #16.) He asks this court to order the Michigan Department of Corrections to make the requisite copies for him to cure the deficiency. (*Id.*)

"An inmate bringing a civil rights complaint . . . must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint." *Hinds v. Unknown Name Police Officer*, 2018 WL 1762661, at*2 (E.D. Mich. April 12, 2018) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994)). When a plaintiff

is proceeding in forma pauperis, "the court shall issue and serve all process." 28 U.S.C. § 1915(d). Proceeding in forma pauperis, however, "exempts litigants from filing fees only." *Porter v. Dept. of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009). "It does not exempt litigants from the costs of copying and filing documents." *Id.*

Here, Plaintiff's complaint is subject to dismissal for want of prosecution because of his noncompliance with the court's order to provide the requested copies needed to effect service upon the defendants. *See Erby v. Kula*, 113 F. App'x 74, 75–76 (6th Cir. 2004); *Friske-Bremer v. Walsh*, 2017 WL 5903441, at *2 (E.D. Mich. Nov. 30, 2017). Plaintiff's conclusory and unsupported allegations of wrongdoing by prison officials—that they are preventing him from providing copies to the court—are insufficient to excuse the copy deficiency in this case. *See, e.g., Montana v. Hargett*, 212 F. App'x 770, 772–73 (10th Cir. 2007).

Rather than dismissing the complaint at this time, the court will order Plaintiff to provide documentation from a source independent of himself to support his claim that he is unable to obtain photocopies of his complaint. Failure to do so will lead to dismissal. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order (Dkt. #16) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Jerry VanDiver SHOW CAUSE, in writing, on or **before Thursday, January 17, 2019**, why his complaint should not be dismissed for want of prosecution.

IT IS FURTHER ORDERED that failure to provide the court documentation from an independent source verifying that he is unable to obtain service copies by Thursday, **January 17, 2019** will result in dismissal of the action.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 19, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 19, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12299.VANDIVER.DenyTROandShowCause.docx